IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01105-WYD-MEH

REGINALD GREEN; and
NJIDEKA FRANCES ABAJUE,

    Plaintiffs,

v.

JANET NAPOLITANO, Secretary of Homeland Security;
DISTRICT DIRECTOR DENVER DISTRICT OFFICE OF THE UNITED STATES
CITIZENSHIP AND IMMIGRATION SERVICES;
UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; and
IMMIGRATION AND CUSTOMS ENFORCEMENT,

    Defendants.

**ORDER**

I.    INTRODUCTION

THIS MATTER comes before the Court on the Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (docket #9), filed July 17, 2009. In this immigration action, Plaintiffs filed a Complaint seeking judicial review of the United States Citizenship and Immigration Services' ("USCIS") decision to revoke Plaintiffs' visa petition. Defendants request that I dismiss the Complaint on the ground that the Court does not have jurisdiction to consider the claim. After reviewing the file and the parties' submissions to the Court, I find that I have no jurisdiction over Plaintiffs' request for both a declaratory judgment that the USCIS's decision is invalid and a permanent injunction to prohibit Defendants from implementing the revocation decision.

II.  BACKGROUND

By way of background, Plaintiff Reginald Green, a United States citizen, is married to Plaintiff Njideka Abajue, a Nigerian citizen.  After marrying Plaintiff Abajue, Plaintiff Green filed a Form I-130 Petition for Alien Relative with USCIS on his wife's behalf.  USCIS initially approved the visa petition.  However, USCIS later revoked the visa petition after determining that Plaintiff Abajue's prior marriage was based on fraud.  Plaintiffs allege that Plaintiff Abajue's former spouse admitted during an interview with USCIS officials that the prior marriage was a sham marriage.  Plaintiff Abajue claims that she was actually present at the USCIS office on the day of her former spouse's interview, but she was never notified of her former spouse's admission that their marriage was based on fraud.  Plaintiff Abajue states that she did not become aware of "the allegation until after a Notice to Appear was issued and she requested for [sic] copies of documents in her file under the Freedom of Information Act."  (Compl. ¶ 9.)

Plaintiffs appealed the USCIS's decision to revoke Plaintiffs' I-130 visa petition to the Board of Immigration Appeals ("BIA").  However, the BIA denied the appeal "on the ground that the Plaintiffs had the chance to prove their case when a notice of intention to revoke was issued to them."  (Compl. ¶ 10.)  Plaintiffs allege that the USCIS's decision violated the Plaintiffs' Fourteenth Amendment right to due process and request that I issue a declaratory judgment overturning that decision.

III.  ANALYSIS

In its pending motion to dismiss, the Defendants argue that this Court lacks jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) to review USCIS's discretionary

decision to revoke the erroneously approved I-130 petition under Fed. R. Civ. P. 12(b)(1).

    A.    <u>Standard of Review</u>

Where a party moves to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the attack can be either a facial attack to the allegations of the complaint or a factual attack. *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Where there is a facial attack, the Court must look to the factual allegations of the Complaint. *Groundhog v. Keller*, 442 F.2d 674, 677 (10th Cir. 1971). In a factual attack, the court may consider matters outside the pleadings, and the motion is not converted to a motion for summary judgment. *Id.*; *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992). "The trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56." *Osborn v. United States*, 918 F.2d 724, 730 (quoting *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue." *Osborn*, 918 F.2d at 730. "The only exception is in instances when the jurisdictional issue is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.'" *Id.* (quotation omitted).

B. <u>Whether the Court has Jurisdiction Over this Matter</u>

Defendants argue in their motion to dismiss that the USCIS's discretionary decision to revoke the previously approved I-130 visa petition falls under the purview of the REAL ID Act, which is codified in 8 U.S.C. § 1252(a)(2)(B)(ii). The statute states in relevant part:

> (B) Denials of discretionary relief
> Notwithstanding any other provision of law, no court shall have jurisdiction to review-
> . . .
> (ii) any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title.

The Tenth Circuit has held that the phrase "this subchapter" refers to 8 U.S.C. §§ 1151-1378. *Yerkovich v. Ashcroft*, 381 F.3d 990, 993 (10th Cir. 2004) (citing *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir.1999)). The USCIS's authority to revoke an immigrant visa is found in 8 U.S.C. § 1255, a section within the referenced subchapter.

Defendants further argue that the Plaintiffs are attempting to circumvent this jurisdictional bar by framing their argument as a Fourteenth Amendment due process violation, but instead, Plaintiffs are clearly seeking to have the USCIS's discretionary decision overturned. On the other hand, Plaintiffs argue that § 1252 does not apply to this case because "[d]eterminations regarding the validity of marriage for I-130 petition purposes are not discretionary within the meaning of § 1252(a)(2)(B), and thus are subject to review by courts." (Pls. Resp. at 4.) After reviewing the relevant statutory and case authority, I agree with the Defendants.

Plaintiffs rely on *Ayanbadejo v. Chertoff*, 517 F.3d 273 (5th Cir. 2008), which cites *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005), in support of their argument. While I acknowledge that the *Ayanbadejo* court held that I-130 petitions are not discretionary and are thus reviewable by the court, I find that the facts are distinguishable from the case at bar. In *Ayanbedejo*, the plaintiff's I-130 petition was denied instead of revoked. This is an important distinction because the denial of an I-130 petition is governed by § 1154(a)(1)(A)(i) and (c) while the USCIS's authority to revoke an I-130 petition is found under § 1155. Section 1154 provides in relevant part:

> (a) Petitioning procedure
>
> (1)(A)(i) Except as provided in clause (viii), any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship described in paragraph (1), (3), or (4) of section 1153(a) of this title or to an immediate relative status under section 1151(b)(2)(A)(i) of this title may file a petition with the Attorney General for such classification.
> . . .
> (c) Limitation on orphan petitions approved for a single petitioner; prohibition against approval in cases of marriages entered into in order to evade immigration laws; restriction on future entry of aliens involved with marriage fraud
> . . .
> [N]o petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

§ 1154(a)(1)(A)(i) and (c). The *Ayanbedejo* court analyzed the language of § 1154 and

determined that visa petitions regarding the validity of marriage are not discretionary within the meaning of § 1252(a)(2)(B), which makes them subject to judicial review. *Ayanbadejo*, 517 F.3d at 278.

I am not persuaded by Plaintiffs' argument. Section 1154 does not address the revocation of a visa petition, it only applies to the denial of a visa petition. The revocation of an I-130 visa petition is governed by 8 U.S.C. § 1155, which provides:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

*Id.* Accordingly, I find that the issue at hand is whether the decision of the USCIS to revoke Plaintiffs' I-130 visa petition pursuant to § 1155 is discretionary, thus stripping the Court of jurisdiction to review the decision.

Although the Tenth Circuit has not addressed this specific issue, at least three other circuits have held that "the discretionary nature of the decision is apparent from the plain language of the statute [8 U.S.C. § 1155]." *El-Khader v. Monica*, 366 F.3d 562, 567 (7th Cir. 2004); *Jilin Pharmaceutical v. Chertoff*, 447 F.3d 196, 202-204 (3rd Cir. 2006) (finding that the language in § 1155, "may, at any time" and "deems . . . good and sufficient cause," indicates discretion); *Ghanem v. Upchurch*, 481 F.3d 222, 224 (5th Cir. 2007) (affirming the district court's dismissal for lack of jurisdiction and holding that the language of § 1155 "indicates that the decision is left to the discretion of the Secretary"). On the other hand, the Ninth Circuit issued a contrary opinion in *ANA International, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004). The *Way* court concluded it

had jurisdiction to review the revocation because the "authority of the Attorney General to revoke petitions is bounded by objective criteria." *Id.* at 894. The *Way* court reasoned that the "good and sufficient cause" language of § 1155 "constitutes a legal standard the meaning of which we retain jurisdiction to clarify." *Id.* at 893.

I agree with the Seventh, Third, and Fifth Circuits' analyses of the language of § 1155. I find that the language "may, at any time, for what he deems to be good and sufficient cause" vests complete discretion in the USCIS to revoke Plaintiffs' I-130 visa petition. I also believe that while the Tenth Circuit has yet to explicitly rule on this issue, it would follow this analysis as well. I note that in *Yerkovich*, the Tenth Circuit held that the language of 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of an immigration judge's discretionary decision denying a motion for a continuance. *Yerkovich*, 381 F.3d at 995. In that decision, the Tenth Circuit emphasized that the use of the word "may" in 8 C.F.R. § 1003.29 specifically confers discretion on the immigration judge. *Id.* at 993. The Tenth Circuit also expressly declined the follow the contrary view of the Ninth Circuit in the *Yerkovich* opinion. *Id.* at 995.

Guided by the reasoning of the Seventh, Third, and Fifth Circuits and the Tenth Circuit's holding in *Yerkovich*, I find that the USCIS exercised its discretion in revoking Plaintiffs' I-130 visa petition pursuant to § 1155. Thus, this Court does not have jurisdiction to review that revocation decision. Accordingly, Defendants' motion to dismiss is granted, and this matter is dismissed.

IV. <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim (docket #9) is **GRANTED.** It is

FURTHER ORDERED that I have no jurisdiction to review the USCIS's revocation of Plaintiffs' I-130 visa petition pursuant to 8 U.S.C. § 1255. Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Dated: March 17, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge